IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BRIAN D.,[1]　　　　　　　　　　　　3:17-cv-01913-BR

　　　　Plaintiff,　　　　　　　　　OPINION AND ORDER

v.

COMMISSIONER OF SOCIAL
SECURITY,

　　　　Defendant.

**BRUCE W. BREWER**
P.O. Box 421
West Linn, OR 97068
(503) 621-6633

　　　　Attorney for Plaintiff

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

---

[1] In the interest of privacy this Opinion uses only the first name and the initial of the last name of the non-governmental party. Where applicable, this Opinion uses the same designation for the nongovernmental party's immediate family member.

1 - OPINION AND ORDER

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**KATHRYN A. MILLER**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-2531

      Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Brian D. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which the Commissioner denied Plaintiff's applications for Disability Insurance Benefits (DIB) under Title II of the Social Security Act and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

## ADMINISTRATIVE HISTORY

On February 26, 2015, Plaintiff protectively filed his

application for DIB and SSI benefits.  Tr. 13.² Plaintiff alleges a disability onset date of September 11, 2015.  Tr. 13.  Plaintiff's application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on March 23, 2017.  Tr. 13, 38-69.  Plaintiff and a vocational expert (VE) testified at the hearing.  Plaintiff was represented by an attorney at the hearing.

On April 13, 2017, the ALJ issued an opinion in which he found Plaintiff is not disabled and, therefore, is not entitled to benefits.  Tr. 28.  Plaintiff requested review by the Appeals Council.  On September 25, 2017, the Appeals Council denied Plaintiff's request to review the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner.  Tr. 1-3.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

On November 29, 2017, Plaintiff filed a Complaint in this Court seeking review of the Commissioner's decision.

**BACKGROUND**

Plaintiff was born on November 17, 1973.  Tr. 26. Plaintiff was 41 years old on his alleged disability onset date.

---

² Citations to the official transcript of record filed by the Commissioner on May 16, 2018, are referred to as "Tr."

3 - OPINION AND ORDER

Tr. 26. Plaintiff has a high-school education. Tr. 26. Plaintiff has past relevant work experience as a bakery worker and manager/assistant manager. Tr. 26.

Plaintiff alleges disability due to Asperger Syndrome, "back issues," autism, and "right leg/knee." Tr. 70.

Except as noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 16-25.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate his inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,*

276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for evaluating a claimant's testimony, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d

1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## **DISABILITY ANALYSIS**

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity (SGA). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1509, 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known

as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work he has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here

the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines (or the grids) set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

## **ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since September 11, 2014, Plaintiff's alleged disability onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of "autism spectrum disorder, anxiety disorder, and affective disorder." Tr. 15.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 17. The ALJ found Plaintiff has the RFC to perform a full range of work at all exertional levels with the

following nonexertional limitations: Plaintiff is able to perform "simple, routine tasks consistent with SVP 1 or 2"; Plaintiff should not have contact with the public; and Plaintiff should have only superficial contact with coworkers.  Tr. 18.

At Step Four the ALJ concluded Plaintiff is unable to perform his past relevant work.  Tr. 26.

At Step Five the ALJ found Plaintiff can perform other jobs that exist in the national economy such as janitor, laboratory helper, and warehouse worker.  Tr. 27.  Accordingly, the ALJ found Plaintiff is not disabled.  Tr. 28.

## DISCUSSION

Plaintiff contends the ALJ erred when he failed to provide clear and convincing reasons (1) for discounting Plaintiff's symptom testimony and (2) for rejecting the opinions of James Bryan, Ph.D, an examining physician.

**I. The ALJ did not err when he found Plaintiff's testimony was not fully credible.**

Plaintiff contends the ALJ erred when he failed to provide clear reasons for discounting Plaintiff's symptom testimony.

**A. Standards**

The ALJ engages in a two-step analysis to determine whether a claimant's testimony regarding subjective pain or

symptoms is credible. "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014)(quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). The claimant is not required to show that his "impairment could reasonably be expected to cause the severity of the symptom [he] has alleged; [he] need only show that it could reasonably have caused some degree of the symptom." *Garrison*, 759 F.3d at 1014 (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)). A claimant is not required to produce "objective medical evidence of the pain or fatigue itself, or the severity thereof." *Id*.

If the claimant satisfies the first step of this analysis and there is not any affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of [his] symptoms only by offering specific, clear and convincing reasons for doing so." *Garrison*, 759 F.3d at 1014-15. *See also Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006)("[U]nless an ALJ makes a finding of malingering based on affirmative evidence thereof, he or she may

only find an applicant not credible by making specific findings as to credibility and stating clear and convincing reasons for each."). General assertions that the claimant's testimony is not credible are insufficient. *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007). The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).

   B.   **Analysis**

The ALJ discounted Plaintiff's testimony regarding his symptoms on the ground that Plaintiff's testimony was "not entirely consistent with the medical evidence." Tr. 19. Plaintiff contends the ALJ erred when he found Plaintiff's allegations "do not have full objective corroboration." Plaintiff erroneously relies on *Bunnell v. Sullivan*, 947 F.2d 341 (9th Cir. 1991), to support his position.

In *Bunnell* the court held the appropriate standard for evaluating pain in Social Security disability cases requires the claimant to produce medical evidence of an underlying impairment that is reasonably likely to cause the alleged pain. When this evidence is produced, medical findings that support the severity of pain is not required, and, therefore, the ALJ may not

discredit the claimant's allegations of pain severity solely on the ground that his allegations are unsupported by objective medical evidence.  947 F.2d at 343.

Here, however, substantial evidence supports the ALJ's determination.  For example, Plaintiff alleged he struggles with social situations, has poor interpersonal skills, has problems with concentration, and has a fear of leaving his home.  Tr. 19.  The ALJ noted the record reflects Plaintiff socializes in person and online, attends church activities, and talks to people when he is shopping.  The ALJ also noted Plaintiff received a regular high-school diploma, and testing shows he has at least average intellectual functioning, concentration, and attention.  The ALJ pointed out that Plaintiff takes walks, rides a bicycle, performs household chores, helps his mother, and performs work on the property where he lives.  Tr. 19-20.

On this record the Court concludes the ALJ did not err when he discounted Plaintiff's symptom testimony and found it was not fully credible because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

**II. The ALJ provided specific, legitimate reasons for discounting the medical opinion of Dr. Bryan.**

Plaintiff contends the ALJ erred when he discounted the

medical opinion of Dr. Bryan, who examined Plaintiff in October 2015.

## A. Standards

"In disability benefits cases . . . physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability — the claimant's ability to perform work." *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "In conjunction with the relevant regulations, [courts] have . . . developed standards that guide [the] analysis of an ALJ's weighing of medical evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Specifically, the court must "distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (nonexamining physicians)." *Garrison*, 759 F.3d at 1012. "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant." *Id.* Although the opinion of a treating physician is entitled to greater weight than that of an examining physician, the opinion of an examining physician is entitled to greater weight than that of a

nonexamining physician. *Ryan,* 528 F.3d at 1198. "The weight afforded a nonexamining physician's testimony depends 'on the degree to which [he] provide[s] supporting explanations for [his] opinions.'" *Id.* (quoting 20 C.F.R. § 404.1527(d)(3)).

"If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* Even when contradicted, a treating or examining physician's opinion is still owed deference and will often be "entitled to the greatest weight . . . even if it does not meet the test for controlling weight." *Orn v. Astrue,* 495 F.3d 625, 633 (9th Cir. 2007). An ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick,* 157 F.3d at 725. "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id.* (citation omitted).

**B.  Analysis**

On October 30, 2015, Dr. Bryan performed a neuropsychological evaluation of Plaintiff. Dr. Bryan diagnosed

Plaintiff with "mild Autism Spectrum Disorder, requiring support, without intellectual impairment" and "Specific Learning Disorder, with impairment in written expression." Tr. 488. Dr. Bryan noted Plaintiff showed "social awkwardness, strongly idiosyncratic phrasing, rigidity, and lack of recognition of social cues and timing" during his interview. *Id.* Nevertheless, Dr. Bryan suggested "[t]he same sort of environment, structure and guidelines that had applied to [Plaintiff's] many years working the commercial bakery remain relevant." *Id.* Dr. Bryan stated: "It is likely [Plaintiff] would be able to return to a similar setting, although again with accommodations through the human relations department that would allow review of inappropriate comments and occasional emotional over reactions." *Id.* Dr. Bryan recommended a job coach "through the initial phases of employment" and noted "[o]ther structured and repetitive types of settings may be considered, such as custodial or animal husbandry." Tr. 488-89.

As part of his evaluation of Plaintiff, Dr. Bryan also interviewed Plaintiff's mother. Tr. 477-79. Plaintiff's mother reported Plaintiff had learning disabilities in "essentially all fundamental academic areas" and "severe difficulties with social relating." Tr. 487. Based on the statements of Plaintiff's

mother, Dr. Bryan assessed Plaintiff's adaptive functioning "at the margin between the Borderline deficient and Extremely Low ranges." Tr. 487. Dr. Bryan also recommended Plaintiff continue to apply for Social Security disability "largely on the basis of the deficits of social skills, communication and emotional decompensation." Tr. 489.

The ALJ gave "little weight" to Dr. Bryan's opinion on the grounds that "it is inconsistent with treatment records that showed one significant decompensation after two major stressors in 2014" and that Plaintiff sought minimal treatment for the next two years. Tr. 23. In addition, the ALJ discounted Dr. Bryan's opinion on the ground that it was based on the assessment of Plaintiff's mother[3] that Plaintiff had "borderline to extremely low ability to adapt," but Dr. Bryan's own interactions with Plaintiff were "unremarkable." Tr. 24.

The ALJ, however, gave "significant weight" to the opinion of Shawn Johnston, Ph.D., who performed a consulting examination of Plaintiff in June 2015. Tr. 22, 451-55. Dr. Johnston diagnosed Plaintiff with "Asperger's disorder, mild," mood instability," and "possible unspecified bipolar

---

[3] Plaintiff does not specifically allege the ALJ erred in his assessment of third-party lay-witness statements.

disorder." Tr. 454. Dr. Johnston also concluded Plaintiff "demonstrated the ability to understand and remember instructions, and [Plaintiff's] attention, concentration and persistence appear to be intact." Dr. Johnston noted Plaintiff appeared "capable of engaging in appropriate social interactions," "capable of working a normal day or normal week, either doing the kinds of work he has done in the past or learning new job skills." Tr. 454. The ALJ noted Dr. Bryan's assessed limitations are inconsistent with those found by Dr. Johnston. Tr. 23.

On this record the Court concludes the ALJ did not err when he discounted Dr. Bryan's opinion because the ALJ provided clear and convincing reasons supported by substantial evidence in the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

IT IS SO ORDERED.

DATED this 14th day of January, 2019.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States Senior District Judge